UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH, | |
| Plaintiff, | Docket No. _____ |
| - against - | JURY TRIAL DEMANDED |
| MOGULDOM MEDIA GROUP LLC | |
| Defendant. | |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel,

as and for his Complaint against Defendant Moguldom Media Group, LLC ("Moguldom" or

"Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of four copyrighted photographs of Lil Wayne,

Jason Itzler, Frank McTaggert, and Anita Collins owned and registered by Steven Hirsch, a New

York City based photojournalist. Accordingly, Hirsch seeks monetary relief under the Copyright

Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in

and/or are doing business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Hirsch is a professional photojournalist in the business of licensing his

photographs to online, print, and television stations for a fee, having a usual place of business at

280 East 10 Street, Apt. 29, New York, New York, 10009. Hirsch's photographs have appeared

in many publications around the United States.

6.     Upon information and belief, Moguldom is a limited liability corporation duly

organized and existing under the laws of the State of New York, with a place of business at 171

Madison Avenue, Suite 1500, New York, New York, 10016. Upon information and belief,

Moguldom is registered with the New York Department of State, Division of Corporations to do

business in the State of New York. At all times material hereto, Moguldom has owned and

operated a website at the URL: www.bossip.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph's**

7.     Hirsch photographed Lil Wayne, Jason Itzler, David Dawson and Anita Collins.

(the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8.     Hirsch then licensed the three of the Photographs to The New York Post and one

of the Photographs to the New York Times. On March 9, 2010, The New York Post ran an

article that featured one of the Photographs on its web edition entitled *Cuff luck, Wayne.* See

(http://nypost.com/2010/03/09/cuff-luck-wayne/).  On May 14, 2012, The New York Post ran an

article that featured one of the Photographs on its web edition entitled *So-called 'King of All*

*Primps' Sentenced to Four Years in Prison.* See   (http://nypost.com/2011/09/14/king-of-all-pimps-itzler-floats-billy-ray-cyrus-od-story-in-court/),

On July 29, 2011 The New York Post ran an article that featured one of the Photographs on its web edition entitled  *Busted in 'high' fashion*. See http://nypost.com/2011/07/29/busted-in-high-fashion/).  On January 30, 2012, The New York Times ran an article that featured one of the Photographs on its web edition entitled *In Million-Dollar Theft Church Worker with a Secret Past.* See (http://www.nytimes.com/2012/01/31/nyregion/new-york-archdiocese-bookkeeper-charged-with-stealing-1-million.html)  Hirsch's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs on the articles is attached hereto as Exhibit B.

9.      Hirsch is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.      The Photographs were registered with Copyright Office and was given Copyright Registration Numbers VA 2-005-286 and VA 2-005-288.

**B.      Defendant's Infringing Activities**

11.      Upon information and belief, on or about March 31, 2013, September 4, 2011 and July 29, 2011, Moguldom ran articles on the Website entitled "*Scared Straight: A Gallery of Celebrities looking Nervous As Hell In Court*", "*King of All Pimps Claims he Brought a Babysitter, Not a Hooker, For Billy Ray Cyrus and Saw the Singer Almost OD on Heroin*"  and *kush-chronicles-11-men-popped-for-pushing-that-ya-mean-out-of-a-harlem-furniture-store* . See http://bossip.com/782258/celebrities-looking-nervous-in-court39204/2/, http://bossip.com/456845/king-of-all-pimps-claims-he-brought-a-babysitter-not-a-hooker-for-billy-ray-cyrus-and-saw-the-singer-almost-od-on-heroin30346/, http://bossip.com/428502/kush-

chronicles-11-men-popped-for-pushing-that-ya-mean-out-of-a-harlem-furniture-store, and

http://bossip.com/534647/jesus-take-the-scrill-67-year-old-woman-embezzles-1-milli-from-catholic-church30346/

12.    The articles prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

13.    Moguldom did not license the Photographs from Plaintiff for its article, nor did Moguldom have Plaintiff's permission or consent to publish the Photographs on its Website.

14.    Upon information and belief, Moguldom removed Hirsch's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MOGULDOM)**
**(17 U.S.C. §§ 106, 501)**

15.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.    Moguldom infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Moguldom is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18.    Upon information and belief, the foregoing acts of infringement by Moguldom have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19.     As a direct and proximate cause of the infringement by the Defendant of

Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and

defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20.     Defendant's conduct, described above, is causing, and unless enjoined and

restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully

compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MOGULDOM
## (17 U.S.C. § 1202)

21.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-20 above.

22.     When the Photographs was published on articles in The New York Post and The

New York Times, the article contained copyright management information protected under 17

U.S.C. § 1202(b).

23.     Upon information and belief, in its article on the Website, Moguldom

intentionally and knowingly removed copyright management information identifying Plaintiff as

the photographer of the Photographs.

24.     The conduct of Moguldom violates 17 U.S.C. § 1202(b).

25.     Upon information and belief, Moguldom's falsification, removal and/or alteration

of the aforementioned copyright management information was made without the knowledge or

consent of Plaintiff.

26.     Upon information and belief, the falsification, alteration and/or removal of said

copyright management information was made by Moguldom intentionally, knowingly and with

the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in

the Photograph. Moguldom also knew, or should have known, that such falsification, alteration

and/or removal of said copyright management information would induce, enable, facilitate, or

conceal their infringement of Plaintiff's copyrights in the Photographs.

27.     As a result of the wrongful conduct of Moguldom as alleged herein, Plaintiff is

entitled to recover from Moguldom the damages, that he sustained and will sustain, and any

gains, profits and advantages obtained by Moguldom because of their violations of 17 U.S.C. §

1202, including attorney's fees and costs.

28.     Alternatively, Plaintiff may elect to recover from Moguldom statutory damages

pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of

17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Moguldom be adjudged to have infringed upon Plaintiff's

   copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Moguldom be adjudged to have falsified, removed and/or altered

   copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or

   advantages of any kind attributable to Defendant's infringement of Plaintiff's

   Photographs;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

   a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

   kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. §1203 (b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
       June 7, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
        Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Steven Hirsch*